UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        )        CASE NO. 14-80227-CR-RYSKEMP/HOPKINS
                                 )
         Plaintiff,              )
                                 )        SENTENCING MEMORANDUM
                                 )
                                 )
JAMIE CAPALBO ,                  )
         Defendant.              )
_____/

**COMES NOW**, the Defendant, **JAMIE CAPALBO**, by and through the undersigned counsel and hereby files this, his Sentencing Memorandum, and states as follows:

1.   That the Defendant has pled guilty to two counts. The first count charged the Defendant with conspiracy to possess with intent to distribute a detectable amount of cocaine base, and the second count charged felon in possession of a firearm.

2.   That pursuant to a plea agreement the parties jointly recommended that the court impose a sentence at the low end of the guideline range, which the parties believed to be 188-235 months.

3.   That the PSR has the Defendant at a level 30 with a range of 168 months to 210 months. However, because the Defendant was classified as an Armed Career Criminal, he has a minimum of 180 months, at the low end of the guideline. The Defendant is herein requesting that he be sentenced to the low end range of the minimum mandatory.

4. That subsequent to the Defendant's March 27th, 2015 plea, the United States Supreme Court, on June 26th, 2015 in the case of *Johnson v. United* States 576 U.S.\_\_\_\_\_ (2015), slip opinion No. 13-7120., ruled that the residual clause of the Armed Career Criminal Statute was unconstitutionally vague. However, the court went on to rule that the decision does not affect someone being sentenced to an enhancement under the four enumerated offenses, or the remainder of the Act's definition of a violent crime.

5. That in the present case, the Defendant is being enhanced under the Act for enumerated crimes as well as crimes that meet the Act's definition of a violent crime, and not under the residual clause. That the Defendant would herein preserve the issue of whether the remainder of the Act, which was not declared unconstitutional, may in the future be declared unconstitutional requiring that the Defendant to be resentenced.

6. That as is evident by the PSR, the defendant has had a long and extensive drug history and would request that he be sentenced to a drug program.

7. That the defendant has a young child, with whom he is very close. That the Defendant requests that a recommendation be made to the BOP that he serve his time in the South Florida area.

WHEREFORE, the Defendant, **JAMIE CAPALBO,** respectfully requests that this court sentence him to 180 months, and grant any other requests made herein.

**I HEREBY CERTIFY**, that a true and correct copy of the foregoing was furnished to office of AUSA, on this the 14th day of July, 2015, through the Federal E –filing system.

Submitted by:

s/**Roberto D. Stanziale**
Roberto D. Stanziale, Esq.
Attorney for Defendant Jamie Capalbo
750 SE 3rd Ave., Suite # 204
Ft. Lauderdale, Florida 33301
(954) 763-7909
(954) 763-7872
Florida Bar. No: 885304
